NOT FOR PUBLICATION

MAR 28 2011

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 10-10050 |
| | ) | |
| Plaintiff – Appellee, | ) | D.C. No. 3:09-cr-00344-MMC-1 |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| JUSTIN SMITH, | ) | |
| | ) | |
| Defendant – Appellant. | ) | |
| | ) | |
| _____ | ) | |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, Senior District Judge, Presiding

Submitted March 17, 2011[**]
San Francisco, California

Before: WALLACE, FERNANDEZ, and CLIFTON, Circuit Judges.

Justin Smith appeals from his conviction for being a felon in possession of a

firearm. 18 U.S.C. § 922(g)(1). He asserts that the district court erred when it

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. Rule 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

denied his motion to suppress evidence that he claims was obtained as a result of an illegal search and seizure. See U.S. Const. amend. IV. We affirm.

Smith was subject to a parole search term imposed pursuant to California law.[1] At the time in question, the vehicle (a U-Haul truck) from which the items in question (guns) were seized, was not being driven by Smith himself, but contained his possessions, was being driven by a close relative, and was closely following an automobile belonging to Smith and his wife. He was in the automobile and she was driving. Smith asserts that the officers, who pulled his automobile and the U-Haul over,[2] lacked probable cause[3] to believe that he was in control of the U-Haul.[4]

---

[1]See Cal. Penal Code § 3067. Smith does not argue that a warrantless and suspicionless search would be invalid as applied to him and his possessions. See United States v. Lopez, 474 F.3d 1208, 1209, 1214 (9th Cir. 2007); see also Samson v. California, 547 U.S. 843, 851–57, 126 S. Ct. 2193, 2199–2202, 165 L. Ed. 2d 250 (2006).

[2]We assume, as did the district court and the parties, that the U-Haul was pulled over.

[3]Probable cause is the standard applied when a search is made at a place that is said to be the parolee's residence. See Motley v. Parks, 432 F.3d 1072, 1080 (9th Cir. 2005) (en banc); see also United States v. Franklin, 603 F.3d 652, 656 (9th Cir. 2010) (explicating the probable cause standard); United States v. Garcia-Villalba, 585 F.3d 1223, 1233 (9th Cir. 2009) (same).

[4]The parties and the district court assumed that the probable cause standard applied to the determination of whether Smith had control of the U-Haul. Without deciding whether that high of a standard is required, we use it for the purposes of this disposition.

Based upon the facts known to the officers before they made the stop, the district court did not err when it determined that there was probable cause to believe that Smith did control the U-Haul.[5]

AFFIRMED.[6]

---

[5]While it cannot and does not influence our decision, we note that a brief inquiry after the vehicles were stopped made it pellucid that the officers' belief that Smith controlled the U-Haul was absolutely correct.

[6]Because there was probable cause regarding control, we need not consider whether there was reasonable suspicion to believe that the U-Haul contained contraband before the stop was made.